JOHN MARTIN AND WIFE *v.* R. E. ALLEN, ETC.

**Husband and Wife—Power of Husband to Purchase Land for Wife, Subject to Her Approval—Recording Deed does not Conclude Wife.**
Where it is conceded that the husband's power to purchase land for his wife was restricted to her ratification and approval and that she had neither ratified nor approved the purchase nor accepted the conveyance, the fact that the deed had been recorded does not conclude her. She may still raise an issue of fact as to whether or not she accepted it.

APPEAL FROM MC CRACKEN CIRCUIT COURT.

.          March 4, 1872.

OPINION BY JUDGE LINDSAY:

As the suit of *Allen v. Martin, Executors,* was consolidated with that of Wm. I. Martin, and thereby all the necessary parties brought before the court in each case, the demurrer to Allen's petition was properly overruled. The demurrer to the amended answer of Mrs. Eliza M. Martin admits that the property bought from King was purchased for her benefit by her husband; that the two-thousand-dollar judgment made cash in hand was paid

out of money belonging to her individually, and in which her said husband had no interest. That his authority to invest her means in such property was restricted to the right to negotiate the contract, and that was not to be consummated until ratified and approved by her; that she had never ratified the purchase of the house and lots from King, and that she had not accepted the conveyance made to her by King and wife. And further that King had no title to the property in question. To concede the existence of these facts, it seems to us is to concede the right of Mrs. Martin to a rescission of the contract between King and her husband, unless the latter can within a reasonable time invest himself with the title to the property. The mere fact that the deed had been put to record does not conclude Mrs. Martin. She may still raise an issue of fact as to whether or not she has accepted it. If she has not accepted it, the contract of sale is still executory, and ought not to be specifically enforced, in case her answer should be sustained by proof. The demurrer should have been overruled, and her vendor King made a party defendant to her cross petition, and in case it turns out that his deed has not been accepted he should be compelled to make exhibition of his title. The judgment appealed from must be reversed. The cause is remanded for further proceedings consistent with this opinion.

*Bigger & Moss*, for appellant.

*King*, for appellee.